**Penn Dodson (PD 2244)**
GOLDBERG & DOHAN, LLP
275 Madison Avenue
Suite 705
New York, NY 10016
(646) 502-7751 direct
(800) 719-1617 main
(888) 272-8822 fax
*pdodson@goldbergdohan.com*

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARNELL GREATHOUSE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JHS SECURITY INC., and<br>MELVIN WILCOX, an individual,<br><br>　　　　Defendants. | COMPLAINT FOR DAMAGES<br><br>Case No.<br>**11 CIV 7845**<br>**JURY TRIAL REQUESTED** |



### INTRODUCTION

1. This is a wage theft and retaliation case against a security services company. Plaintiff Darnell Greathouse worked as a security guard for Defendants' security services company for over five years. Despite the fact that Plaintiff worked more than 40 hours per week in a nonexempt position, Defendants failed to pay him time and a half for overtime, and in fact over the last several months of his employment barely ever paid him at all. When Plaintiff asked his boss for the wages he was owed on October 14, 2011, his boss not only refused but pulled a gun on him. To challenge these and other wage



violations, Plaintiff brings this action by and through his attorneys, against Defendants JHS Security Inc., and its principal, Melvin Wilcox, to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

2. Plaintiff further alleges that Defendant violated the anti-retaliation provisions of the FLSA and/or NYLL by pulling a gun on him (which was also effectively a termination) in response to his complaints regarding his employer's wage and hour violations.

3. Plaintiff also brings an associated unjust enrichment claim as more fully described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* One or more of the Defendants named herein resides at 9 E 193rd St., Bronx, NY 10468 and a significant portion of the events giving rise to the instant litigation occurred in Manhattan and the Bronx.

## PARTIES

### Defendant JHS Security Inc.

7. Defendant **JHS Security Inc.** (hereinafter "JHS Security") is a New York corporation doing business within the County of Bronx, and whose principal place of business is located at 9 E 193rd St., Bronx, NY 10468, in Bronx County. Its registered agent is listed


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

with the NYS Department of State as Corporation Service Company with an address of 80 State St, Albany NY 12207.

8. At all relevant times, Defendant JHS Security had annual gross revenues in excess of $500,000.

9. At all relevant times, Defendant JHS Security was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant JHS Security was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Melvin Wilcox**

11. Defendant Melvin Wilcox, an individual, resides at 9 East 193rd St., Apt. #1-C, Bronx NY 10468, in Bronx County, upon information and belief.

12. Defendant Melvin Wilcox is the President of JHS Security.

13. At all times material to this action, Defendant Melvin Wilcox actively participated in the business of the corporation.

14. At all times material to this action, Defendant Melvin Wilcox exercised substantial control over the functions of the company's employees including Plaintiff.

15. At all times material to this action, Defendant Melvin Wilcox was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

16. Defendant Melvin Wilcox has an ownership interest in and/or is a shareholder of JHS Security.

17. Defendant Melvin Wilcox is one of the ten largest shareholders of JHS Security.



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 3

18. Defendant Melvin Wilcox is liable to Plaintiff for unpaid wages pursuant to New York Business Corporations Law § 630.

**Plaintiff Darnell Greathouse**

19. Plaintiff Darnell Greathouse is a resident of Manhattan which is in New York County.

20. At all times material to this action, Plaintiff Greathouse was an "employee" within the meaning of 29 U.S.C. § 203(e).

21. Plaintiff Darnell Greathouse worked for JHS Security as a security guard from September, 2006 to October 14, 2011.

22. While in this position, Plaintiff Greathouse was paid on an hourly basis at a certain rate of pay.

23. Plaintiff Greathouse's rate of pay varied between $7.50 and $8.50, and he was paid $16.50 per hour for work performed on Saturday or Sunday.

24. Although it varied, Greathouse estimates he generally worked approximately 56-60 hours per week.

25. For many workweeks he worked, he did not receive any pay at all. He was regularly promised that pay would be forthcoming but the promises were not fulfilled.

26. Due to the nature of his responsibilities, Plaintiff was rarely, if ever, able to take a break during his shifts. To the extent that he was able to take a break at all, it was generally in the range of 5-20 minutes. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable. In fact, on one occasion when Plaintiff went to a store for food, the employer deducted $25 from his pay as punishment.

27. Plaintiff Greathouse was not paid at a rate of one and one half times his normal hourly


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 4

rate for all hours over 40 worked in a workweek.

28. Plaintiff Greathouse worked more than 10 hours on at least some workdays.

29. In fact, on one occasion he worked 28 hours straight.

30. For the days Plaintiff Greathouse worked more than 10 hours Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate.

31. Plaintiff complained orally about having not received his paychecks in several months to his immediate superior and the president of the company, Melvin Wilcox.

32. By this oral complaint, Plaintiff engaged in activity protected under the FLSA.

33. In response, Defendant Wilcox said "I'll pay you when I feel like it." and pulled a gun on the Plaintiff.

34. The Plaintiff left the premises immediately.

35. Under the circumstances, the Plaintiff reasonably inferred that he was also being terminated. In the alternative, he was constructively discharged, as a reasonable person would not be expected to return to employment after the boss pulled a gun on him.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

36. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

37. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 5

### *Failure To Pay Minimum Wage*

38. Plaintiff has not been paid at all for many workweeks. By this, Defendants have failed to pay Plaintiff the minimum wage for all hours times he worked, in violation of the FLSA.

### *Late Payments*

39. On at least some (if not most) occasions, Plaintiff did not receive his paychecks on his prescribed paydays.

40. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

41. Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

42. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

43. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

44. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 6

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Overtime*

47. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

48. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Minimum Wage*

49. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

### *Failure To Provide Break Time*

50. Plaintiff was employed in or in connection with Defendant's "mercantile or other establishment." Plaintiff often worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00am and 2:00pm). Defendant failed to provide Plaintiff at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*　　　　　　　　　　　　　　　　　　　　　　　Complaint
USDC, Southern District of New York　　　　　　　　　　　　　　　　　　　Page 7

51. Sometimes Plaintiff worked a shift starting before 11:00am and ending later than 7:00pm. In these instances, Defendant failed to provide Plaintiff an additional meal period of at least twenty minutes between 5:00pm and 7:00pm, in contravention of NYLL § 162(3).

52. Sometimes, Plaintiff worked a shift of more than six hours starting between 1:00pm and 6:00am. On these occasions Defendant failed to provide Plaintiff at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

53. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

*Improper Deductions*

54. The Defendant made deductions from Plaintiff's wages other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

55. Specifically, Defendant made deductions to Plaintiff's wages in the amount of approximately $1750 for alleged "missing tools."

56. Also, on one occasion when Plaintiff went to a store for food, the employer deducted $25 from his pay as punishment.

57. In addition, Defendants made deductions to Plaintiff's pay allegedly for health insurance, but upon information and belief no health insurance was never actually purchased for Plaintiff nor did he receive the benefits of any health insurance during his employment with Defendants.

58. Defendants also required Plaintiff to wear a uniform and made deductions from his paychecks in the amount of approximately $15 periodically.

*Failure To Pay Wages At Prescribed Frequency*

59. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4). In the



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 8

alternative, Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

60. On at least some occasions, Plaintiff did not receive his paychecks on his prescribed paydays.

61. Because of these untimely payments, Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

62. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Failure to Provide Pay Stubs*

63. Defendant failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

64. At all relevant times, Defendant JHS Security failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

65. At all relevant times, Defendant JHS Security failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

66. Defendant failed to keep a time book showing the names and addresses of its employees


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 9

and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

67. At the time of Plaintiff's hiring, Defendant failed to notify him of the rate of pay and regular designated pay day, in contravention of NYLL § 195(1).

68. Defendant failed to notify Plaintiff of any changes in the pay days prior to the time of such changes, in contravention of NYLL § 195(2).

69. Defendant failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

*Willfulness and Damages*

70. Defendants willfully violated Plaintiff's rights by failing to pay his for all of the hours he actually worked.

71. Defendants willfully violated Plaintiff's rights by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

72. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action: FLSA – RETALIATION

73. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

74. The threat of harm by Defendant Wilcox pulling a gun on him constituted an adverse employment action.

75. Also, Plaintiff's *de facto* termination from employment was an adverse employment



375 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 10

action.

76. These actions were causally connected to his inquiries regarding his pay.

77. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

78. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A First Cause of Action:
### NYLL – RETALIATION

79. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

80. By complaining about his pay as alleged above, Plaintiff engaged in an activity protected under NYLL § 215(2).

81. Plaintiff's termination from employment and having a gun pulled on him were adverse actions.

82. These actions were causally connected to his inquiries regarding the propriety of Defendants' pay practices.

83. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

84. As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.



*Greathouse v. JHS Security*  
USDC, Southern District of New York

275 Madison Avenue  
Suite 705  
New York, NY 10016  
646.502.7751  
www.goldbergdohan.com

Complaint  
Page 11

### As And For A Fourth Cause of Action:
### UNJUST ENRICHMENT

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

86. Defendants have been unjustly enriched by withholding and/or deducting monies that rightfully belong to Plaintiff.

87. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to him, along with liquidated damages, interest, litigation costs, attorney fees, and other damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

(E) Award Plaintiff appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;


275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 26th day of October, 2011.

GOLDBERG & DOHAN, LLP

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiffs

275 Madison Ave., Ste. 705
New York NY 10016
(646) 502-7751 direct
(800) 719-1617 main
(888) 272-8822 fax



275 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
www.goldbergdohan.com

*Greathouse v. JHS Security*
USDC, Southern District of New York

Complaint
Page 13