UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DARNELL GREATHOUSE,

                         Plaintiff,

           -v-

JHS SECURITY INC. and MELVIN WILCOX,

                      Defendants.

------------------------------------------------------------------------X

11 Civ. 7845 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      On March 15, 2012, this Court entered default judgment against defendants JHS Security

Inc. and Melvin Wilcox. Dkt. 15. The Court thereafter referred this case to Magistrate Judge

Gorenstein for an inquest into damages. Dkt. 16. Judge Gorenstein issued a Report and

Recommendation on September 7, 2012, which this Court adopted on October 19, 2012. Dkt.

26, 30. In relevant part, the Court declined to grant damages on plaintiff Darnell Greathouse's

claim under the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 215(a)(3). Judge Gorenstein found, and this Court agreed, that "the Second Circuit's decision

in *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) precludes recovery by a plaintiff

who has made only informal oral complaints to a supervisor." Dkt. 30, at 5. Accordingly, the

Court held, "Greathouse's allegation that defendants retaliated against him in response to his

informal oral complaint to Wilcox was insufficient to state a claim under the FLSA." *Id.*

      On April 20, 2015, the Second Circuit overruled *Lambert* and therefore vacated the part

of this Court's decision that had relied on *Lambert*. *See Greathouse v. JHS Sec. Inc.*, No. 12-

4521, 2015 WL 1781036, at *2 (2d Cir. Apr. 20, 2015). The Circuit then remanded the case for

this Court to determine (1) "whether to grant Greathouse a default judgment on his retaliation

claim under section 215(a)(3)," and if so, what damages, if any, Greathouse is entitled to recover therefor." *Id.* at *10.

"[A] plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Here, Greathouse alleges that he verbally complained to his boss, Wilcox, about his employer's wage and hour violations, and Wilcox responded by threatening him with a gun, which "was effectively a termination." Dkt. 1 ("Compl."), ¶¶ 1–2, 73–78. Accordingly, Greathouse has stated a claim for retaliation under the FLSA. *See Greathouse*, 2015 WL 1781036, at *2–10. The Court therefore grants default judgment for Greathouse on this claim.

The final issue is what damages, if any, Greathouse is entitled to recover on his FLSA retaliation claim. Because Judge Gorenstein has greater familiarity with the damages already awarded in this case and, specifically, how those damages may overlap with any retaliation damages awarded, the Court will refer this case to Judge Gorenstein for an inquest into damages.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 18, 2015
New York, New York

2